UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIVER GROVE PLAZA INC., | ) | |
| | ) | |
| Plaintiff, | ) | 22 C 977 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

River Grove Plaza Inc. brought this diversity suit against its insurer, Owners Insurance
Co., alleging that Owners failed to fully pay for a covered loss under a commercial property
insurance policy. Doc. 1. Earlier in the litigation, River Grove moved under Civil Rule 12(c) for
judgment on the pleadings to compel an appraisal of the loss in accordance with the policy's
appraisal clause. Doc. 11. The court denied the motion because River Grove failed to engage in
the dispute-by-dispute analysis necessary to determine which disputes are properly subject to
appraisal. Doc. 20. But because it determined that at least some of the parties' disputes likely
are subject to appraisal, the court permitted River Grove to file a second Rule 12(c) motion on
the appraisal issue. *Id*. at 2.

River Grove's present Rule 12(c) motion engages in the dispute-by-dispute analysis
missing from its earlier motion. Doc. 21. In considering the present motion, "the court considers
the pleadings alone, which consist of the complaint, the answer, and any written instruments
attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596,
600 (7th Cir. 2004). The facts are set forth as favorably to Owners, the nonmovant, as those
materials allow. *See Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017).

The parties' disputes arise from damage caused by the weight of ice and snow to the roof of a commercial building owned by River Grove. Doc. 1-2 at 1; Doc. 9 at ¶¶ 1, 7; Doc. 21 at 1. Owners acknowledged that at least some of the damage was covered under its policy and, after assessing the value of the loss, issued payment to River Grove. Doc. 9 at ¶ 9. Disagreeing with the loss value as determined by Owners, River Grove demanded appraisal under the policy, Doc. 1-4, which permits appraisal in the event either party disagrees "on the value of the property or the amount of loss," Doc. 1-1 at 62; Doc. 9 at ¶ 11. Owners maintains that appraisal is not required because the disputes raised by River Grove concern coverage and not the value of the property or amount of any loss. Doc. 9 at ¶ 12; Doc. 25 at 4-9.

As the court explained in denying River Grove's first Rule 12(c) motion, "whether disputes between an insurer and its insured are subject to appraisal turns on a dispute-by-dispute analysis of whether the dispute in question concerns whether there is coverage—in which case it stays with the court—or the value of a covered loss—in which case it goes to appraisal." Doc. 20 at 1 (citing *Windridge of Naperville Condo. Ass'n v. Phila. Indem. Ins. Co.*, 2017 WL 372308, at *1-3 (N.D. Ill. Jan. 26, 2017)). River Grove's present motion identifies four disputes. First: disagreements as to the pricing of various materials and labor necessary to repair the damage to the roof. Doc. 21 at 4. Second: whether it is necessary to hire a general contractor to complete the repairs. *Id*. at 5. Third: whether (unspecified) Occupational Safety and Health Administration ("OSHA") regulations or guidance require an onsite project supervisor. *Ibid*.; Doc. 26 at 4. Fourth: whether the entire roof or just half of it must be repaired as a result of the damage from ice and snow. Doc. 21 at 2-4; Doc. 26 at 2-4.

In responding to River Grove's motion, Owners does not contest that the first two disputes are subject to appraisal. Doc. 25. Owners thereby forfeits any argument against

appraisal as to those two disputes. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver."). In any event, the failures to respond are sensible implicit concessions. The prices of materials and labor necessary to complete repairs plainly concern the value of the loss, not the scope of coverage, and therefore are subject to appraisal. Likewise, whether a general contractor is necessary to repair the roof is subject to appraisal because it concerns "who is qualified to perform [the] work" as well as "how much that work costs." *Windridge*, 2017 WL 372308, at *2; *see also Runaway Bay Condo. Ass'n v. Phila. Indem. Ins. Co.*, 262 F. Supp. 3d 599, 603-04 (N.D. Ill. 2017) (reaching the same conclusion).

The third dispute is not subject to appraisal. Hiring an onsite project supervisor would necessarily impact the cost of completing the repairs. But whether the unspecified OSHA regulations or guidance to which River Grove alludes require such a supervisor turns on the interpretation of those regulations or guidance, not an assessment of the loss. The dispute is therefore a question of law for the court. *See FTI Int'l, Inc. v. Cincinnati Ins. Co.*, 790 N.E.2d 908, 910-11 (Ill. App. 2003) (holding that questions of law are not within the scope of appraisal); *see also Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 153 (2d Cir. 2019) ("An appraisal is appropriate not to resolve legal questions, but rather to address factual disputes over the amount of loss for which an insurer is liable.") (New York law) (internal quotation marks omitted).

The fourth dispute is the most hotly contested. Owners determined that about half the roof (57 square feet) must be repaired as a result of the damage from ice and snow. Doc. 1-2 at 2; Doc. 25 at 2. River Grove maintains that work must be done to the entire roof (119.3 square feet)—including the replacement of more roofing, more insulation, and the re-installation of more air conditioners—to fully repair the damage. Doc. 1-3 at 2; Doc. 21 at 2-3; Doc. 26 at 3.

Owners contends that the half-versus-whole-roof dispute is about coverage, not value. Doc. 9 at ¶ 12. It points to the policy's "ordinance or law" endorsement, which provides for the coverage of "the loss in value of the undamaged portion of the building as a consequence of enforcement of an ordinance or law that requires demolition of undamaged parts of the same building." Doc. 1-1 at 87; Doc. 25 at 4. The effect of the endorsement is that the policy covers the replacement of undamaged portions of the building if such replacement is required by, say, building codes. Owners submits that whether building codes require replacement of the entire roof—as opposed to just the half that Owners says is damaged—is a question of coverage for the court, not an appraiser. Doc. 25 at 5-6. And Owners is correct that it would be improper for an appraiser to resolve such a dispute. *See Lytle v. Country Mut. Ins. Co.*, 41 N.E.3d 657, 663 (Ill. App. 2015) (holding that a dispute over "whether certain costs associated with complying with building ordinances" went to coverage, not the amount of a loss); *FTI Int'l*, 790 N.E.2d at 910-11 ("Committing questions of contract interpretation to an appraiser, whose primary function is to ascertain the value of property or the amount of a loss, is simply not consistent with the nature of an appraisal."); *Windridge*, 2017 WL 372308, at *2 (denying appraisal as to whether an insurance policy required the repair of both undamaged and damaged walls).

The flaw in Owners' argument, however, is that River Grove has not raised the dispute that Owners suggests it has. In this litigation, River Grove has not mentioned the ordinance or law endorsement, nor has it said that only half of the roof was damaged. To the contrary, River Grove's complaint alleges that Owners' repair estimate "fails to include all of the damage to the Building." Doc. 1 at ¶ 10. Consistent with that allegation, River Grove represented in its briefing, Doc. 26 at 3, and at the motion hearing, Doc. 29, that—regardless of what building codes require—the entire roof must be repaired to restore it to its previous condition. Although

4

the court must construe the pleadings in Owners' favor at this stage, Owners cannot strawman its way out of appraisal.  The court must consider the dispute that River Grove presents and not Owners' misrepresentation of it.  *See Adam Auto Grp., Inc. v. Owners Ins. Co.*, 2019 WL 4934597, at *2 (N.D. Ill. Oct. 7, 2019) (rejecting an insurer's attempt to avoid appraisal by misconstruing the dispute raised by the insured).

The dispute River Grove in fact presents is subject to appraisal.  It concerns only the extent of the physical damage to the roof caused by the weight of ice and snow and the cost to repair that damage.  As many courts have recognized, disputes concerning the extent and cause of property damage are proper subjects for appraisal.  *See Khaleel v. Amguard Ins. Co.*, 2022 WL 425733, at *2-3 (N.D. Ill. Feb. 11, 2022) (ordering an appraisal to determine the extent of damage caused by hail); *B&D Inv. Grp., LLC v. Mid-Century Ins. Co.*, 2021 WL 6125853, at *3-4 (N.D. Ill. Dec. 28, 2021) (same); *Adam Auto Grp.*, 2019 WL 4934597, at *2 (same for damage caused by fire); *Runaway Bay Condo. Ass'n*, 262 F. Supp. 3d at 603 (same for damage caused by a storm); *Phila. Indem. Ins. Co. v. Northstar Condo. Ass'n*, 2016 WL 11762923, at *4-5 (N.D. Ill. Oct. 18, 2016) (same).

River Grove's Rule 12(c) motion is granted, and appraisal is ordered, as to the following disputes: the prices of materials and labor required to complete the repairs; whether a general contractor is required to complete the repairs; and the extent of the damage to the roof caused by the weight of ice and snow.  The motion is denied as to whether OSHA regulations or guidance require an onsite project supervisor.  River Grove asks the court to stay these proceedings

pending completion of the appraisal, Doc. 21 at 6, and Owners does not oppose this request,

Doc. 25.  The proceedings are therefore stayed pending the completion of the appraisal process.

November 8, 2022

_____
United States District Judge